CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD SHOEMAKER,<br>    Petitioner, | Civil Action No. 7:05cv00139 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. James C. Turk<br>Senior U.S. District Judge |

Petitioner Ronald Shoemaker, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On November 26, 2003, petitioner pled guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. § 846, and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), pursuant to a written plea agreement. The plea agreement contained a waiver of petitioner's right to appeal and to attack his conviction and sentence collaterally. On February 26, 2003, petitioner was sentenced to 248 months imprisonment, followed by a term of 72 months of supervised release.

Petitioner did not file a direct appeal following his conviction. He filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on or about February 10, 2005. Respondent, through counsel, has filed a response and a motion to dismiss petitioner's motion. The court notified petitioner of respondent's answer as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised petitioner that his failure to reply to respondent's answer may result in summary judgment being granted for the respondent. Shoemaker has failed to respond within the allotted time period; thus the motion to dismiss and the underlying petition are ripe for consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

In his motion, petitioner raises the following challenges to his conviction:

1) Petitioner was illegally sentenced above the 500 gram threshold in violation of his Constitutional rights;

2) Petitioner's attorney was ineffective in that he failed to file a notice of appeal relevant to the United States Supreme Court's ruling in Blakely v. Washington, that as the actual drug weight was not determined by a jury he should not have been sentenced for having a drug weight of more than 500 grams; and

3) Petitioner's attorney was ineffective in that he failed to object to drug quantity, failed to object to false facts, and provided petitioner with incompetent legal advice.

I.  Analysis

A review of petitioner's signed plea agreement shows that he agreed to waive his rights to raise an appeal regarding any issues related to this case and to waive his right to collaterally attack his conviction. Specifically, petitioner stated that he had reviewed the plea agreement with his attorney and agreed to the provision that as long as he was sentenced within the federal sentencing guidelines he waived his right to appeal and to collaterally attack the judgment by way of a habeas corpus petition.

Given that petitioner waived his right to bring a collateral attack under 28 U.S.C. § 2255, the court must determine whether the waiver is enforceable, and if so, whether the challenge to petitioner's sentence falls within the scope of that waiver. Moon v. United States, 181 F.Supp.2d 596, 598, (E.D. Va. 2002); see also United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). The Fourth Circuit has held that a criminal defendant may waive his right to attack his conviction and sentence collaterally as long as the waiver is knowing and voluntary. United States of America v. Lemaster, 403 F.3d 216 (4th Cir. 2005); United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). Whether the waiver in "knowing and intelligent" depends "upon the particular facts and

circumstances surrounding [its making], including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid. See Brown, 232 F.3d at 405-06. Furthermore, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975). However, "[a]n express knowing waiver will not bar appeal of a sentence when the sentence was (1) imposed in excess of the maximum penalty provided by law or (2) based on a constitutionally impermissible factor such as race." Brown, 232 F.3d at 403 (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)).

During the plea colloquy in the instant case, the court inquired as to Shoemaker's understanding of the charges against him. Specifically, the court recounted the charges in Count 1 and Count 2 of the indictment, confirmed that petitioner understood the terms used in the indictment, and reviewed with petitioner the application of the sentencing guidelines and outlined the constitutional rights petitioner forfeited by pleading guilty. (Tr. of Guilty Plea, November 26, 2003, p. 2-13). Petitioner indicated that he understood the rights he was giving up. (Id.). Petitioner also stated that he understood the possible maximum penalties and fines that may have been imposed at sentencing. (Id.). The court also questioned petitioner regarding his relationship with counsel. Petitioner stated that he had discussed the plea agreement with counsel and that he was totally and completely satisfied with the services counsel rendered. (Id. at p. 5-6). Finally, the court determined that petitioner was fully competent to enter a guilty plea and that his plea was knowingly and

3

voluntarily made. (Id. at p. 14-15).

The court specifically questioned petitioner regarding the waiver provision of the plea agreement relating to his right to collaterally attack his sentence and conviction, and petitioner attested that he understood that he waived that right. (Id. at p. 16). The court, therefore, finds that petitioner's representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly and voluntarily made. Thus, the court concludes that petitioner's waiver of his right to bring a collateral attack under 28 U.S.C. § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether petitioner's claims are included within the scope of the waiver. Applying the same principles that the Fourth Circuit has applied in its analyses of waivers of appeal rights, claims asserting that the waiver was unknowingly or involuntarily made, that the sentence imposed was in excess of the maximum penalty provided by law, or that the sentence was imposed based on a constitutionally impermissible factor, such as race would be outside the scope of the waiver. See Attar, 38 F.3d at 732-33. After reviewing the record, the court finds that none of these factors are applicable here.

Petitioner does not claim his waiver was unknowingly or involuntarily made. Rather, he claims that his sentence was illegal because he was sentenced above the 500 gram threshold without a finding by a jury that he actually had possessed with intent to distribute more than 500 grams of methamphetamine. However, Count 1 of the indictment specifically charged petitioner with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. As petitioner averred that he discussed the nature and elements of this charge with counsel, fully understood the terms of this charge, and admitted that he was in fact guilty of possessing with intent to distribute

4

more than 500 grams of methamphetamine, he cannot now claim that a jury must have also found that he did in fact possess more than 500 grams of methamphetamine before he was sentenced. As such, the court finds this claim to be without merit.

As petitioner does not allege that the sentence of 248 months exceeded the statutory maximum for the charges for which he was convicted nor does he allege that his sentence was premised on any constitutionally impermissible factors, petitioner's claims fall within the scope of the plea agreement waiver, and are, therefore, not cognizable claims for post conviction relief in a motion brought pursuant to 28 U.S.C. § 2255. Accordingly, I will grant the respondent's motion to dismiss and deny Shoemaker's motion for relief pursuant to 28 U.S.C. § 2255.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 13th day of September, 2005.

/s/ James C. Turk
Senior U.S. District Judge

6